UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**MICHELLE CAROLYN GREEN**                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 21-1362-WBV-DMD**

**SOCIAL SECURITY ADMINISTRATION**     **SECTION: D (3)**

### ORDER and REASONS

Pursuant to Section 405(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), plaintiff, Michelle Carolyn Green, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying her claim for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1382. The Court notes that on June 15, 2020, it remanded this case back to the Commissioner for further administrative proceedings based upon an Unopposed Motion to Reverse and Remand filed by the Commissioner.[1]

In the instant matter, Plaintiff filed a Motion for Summary Judgment on January 31, 2022, asserting that she is entitled to judgment because: (1) the Social Security Administration intentionally violated Plaintiff's constitutional rights by not assigning this case to an Administrative Law Judge ("ALJ") other than Richard M. Exnicios and, on remand, ALJ Exnicios violated Plaintiff's constitutional rights by overruling her explicit objection and instead hearing and deciding the case, in contravention of controlling Supreme Court precedent; and (2) the appointment of

---

[1] *See*, R. Doc. 20 in Civ. A. No. 19-11224, *Michelle Carolyn Green v. Social Security Administration*.

Commissioner Andrew Saul violated separation of powers and rendered the decisions in this case by the ALJ and Appeals Council judges, who derive their authority from Saul, constitutionally defective.[2]

In response, the Commissioner filed an Unopposed Motion to Reverse and Remand pursuant to the fourth sentence of 42 U.S.C. § 405(g), requesting that the Court remand this case to allow the Commissioner to conduct further proceedings.[3] According to the Motion, Plaintiff consents to the remand.[4]

Having carefully considered the Complaint, the administrative record,[5] the applicable law, Plaintiff's Motion for Summary Judgment,[6] and the Commissioner's Unopposed Motion to Reverse and Remand,[7] the Court finds that the Commissioner's Unopposed Motion has merit, and that this case requires a reversal of the ALJ's order and a remand to the ALJ under the fourth sentence of 42 U.S.C. § 405(g).[8] Specifically, in further proceedings, the ALJ shall determine whether a different ALJ is required to hear this case on remand, whether the appointment of Andrew Saul rendered the decisions in this case by the ALJ and Appeals Council judges constitutionally defective, and/or whether any other findings are required.

---

[2] R. Doc. 18-2 at pp. 3-10.
[3] R. Doc. 20 at ¶¶ I-II.
[4] *Id.* at ¶ IV.
[5] R. Doc. 15.
[6] R. Doc. 18.
[7] R. Doc. 20.
[8] The fourth sentence of 42 U.S.C. § 405(g) provides that, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

Accordingly,

**IT IS HEREBY ORDERED** that the Unopposed Motion to Reverse and Remand [9] is **GRANTED,** and Plaintiff's Motion for Summary Judgment [10] is **DISMISSED without prejudice.**

New Orleans, Louisiana, March 31, 2022.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[9] R. Doc. 20.
[10] R. Doc. 18.