UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHELLE CAROLYN GREEN**                                    **CIVIL ACTION**

**VERSUS**                                                                   **NO. 21-1362**

**SOCIAL SECURITY ADMINISTRATION**                **SECTION "D" (3)**

REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Rec. Doc. No. 23) ("Motion"). Plaintiff Michelle Carolyn Green filed this motion pursuant to 28 U.S.C. § 2412(d) for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). The District Court referred the motion for hearing, if necessary, and submission of findings and recommendations pursuant to 28 U.SC. 636(b)(1)(B). For the following reasons, **IT IS RECOMMENDED** that the Motion be **GRANTED** and Plaintiff be awarded attorney's fees in the amount of $6,240.00.

**I.     BACKGROUND**

Plaintiff filed her complaint in this matter on July 19, 2021, seeking judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). (Rec. Doc. No. 1). On January 31, 2022, Plaintiff filed the requisite Motion for Summary Judgment contending that her case warranted remand because: (1) the Social Security Administration ("SSA") violated her constitutional rights by assigning her case to Administrative Law Judge ("ALJ") Richard M. Exnicios who overruled her objections in direct contravention of controlling United States Supreme Court precedent; and (2) that the appointment of Andrew Saul as a single commissioner of the SSA removable only for cause rendered decisions in her case constitutionally defective. (Rec. Doc. No. 18-2, p. 3).

On March 29, 2022, in lieu of a cross-motion for summary judgment, the Commissioner

1

filed an Unopposed Motion to Reverse and Remand (Rec. Doc. No. 20) requesting the Court remand the case to allow the Commissioner to conduct further proceedings. On March 31, 2022, the District Court granted the motion and dismissed the motion for summary judgment filed by Plaintiff without prejudice. (Rec. Doc. No. 22). The instant unopposed motion followed. (Rec. Doc. No. 23).

## II.     LAW & ANALYSIS

The Equal Access to Justice Act provides that the Court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Sims v. Apfel*, 238 F.3d 597, 600-01 (5th Cir. 2001) (citing *Commissioner v. Jean*, 496 U.S. 154, 158 (1990)) (The Equal Access to Justice Act, 28 U.S.C. § 2412, provides a mandatory attorney's fee award for a prevailing party if (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust.); *see also Calhoun v. Saul*, Civ. A. No. 18-9574, 2020 WL 8642054, at *1 (E.D. La. Nov. 25, 2020) (same). Finally, EAJA awards are payable directly to Plaintiff as prevailing party, not the attorney. *Francis o/b/o A.B. v. Saul*, Civ. A. No. 18-13862, at *1 (E.D. La. Aug. 28, 2020) (citing *Astrue v. Ratliff*, 560 U.S. 586, 591-98 (2010) (holding that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States.").

In light of the Court's March 31, 2022 Order remanding the case to the Commissioner for further administrative proceedings (*See* Rec. Doc. No. 22), the parties agree that the Plaintiff is the prevailing party in this action. Furthermore, the Commissioner does not argue that its position was

2

substantially justified or that special circumstances make an award of attorney's fees unjust. The Court, therefore, finds that Plaintiff is entitled to attorney's fees under section 2412(d).

The EAJA provides that the amount of fees awarded to a prevailing party should be "based upon prevailing market rates for the kind and quality of the services furnished, except that … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests an hourly rate of $200 per hour based upon the Consumer Price Index prepared by the Bureau of Labor and Statistics. (Rec. Doc. No. 23, p. 1). The Commissioner does not dispute the hourly rate requested. Other sections of this Court have recognized that this cost-of-living increase is appropriate. *See, e.g., Wigginton v. Social Security Administration*, Civ. A. No. 19-11418, 2021 WL 3852293, at *3 (E.D. La. Aug. 27, 2021) (finding that an hourly rate of $205.84 is reasonable for work performed from 2019-2021); *Boasso v. Saul*, Civ. A. No. 18-05623, 2019 WL 5212277, at *2 (E.D. La. Oct. 16, 2019) (finding that an hourly rate of $194 is reasonable for work performed in 2018). Further, in *Wigginton*, the Court noted that the Consumer Price Index for the South Urban B area ("CPI-B") was $207.86 per hour for work performed in 2021. *Wigginton*, 2021 WL 3852293, at *2. Here, the work was performed between 2021 and 2022. (*See* Rec. Doc. No. 23-1, pp. 2-3). For these reasons, and given the absence of opposition by the Commissioner, the Court concludes that an hourly rate of $200.00 is reasonable.

Next, the Court must determine whether the 31.2 hours expended on this litigation by counsel was reasonably expended. The fee applicant bears the burden of proving the hours requested are reasonable. *Saucier v. Kijakazi*, Civ. A. No. 20-2373, 2022 WL 2132281, at *2 (E.D. La. June 14, 2022) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987)). The Supreme Court requires fee applicants to exercise

3

"billing judgment," meaning they should "exclude from a fee request hours that are excessive, redundant and otherwise unnecessary[.]" *Saucier*, 2022 WL 2132281, at *2 (quoting *Hensley*, 461 U.S. at 434, 437).

At the outset, the Court notes that a review of the itemized statement of time indicates that all hours spent were legal, rather than clerical, in nature. (*See* Rec. Doc. No. 23-1, pp. 2-3). Plaintiff notes that "by taking the time to submit such a concise and compelling opening brief, which convinced SSA to cease its defense of this ALJ decision, Plaintiff saved both the SSA and this Court a great deal of time." *Id*. at 3. Furthermore, courts have determined that thirty or more hours of time expended on a social security matter is reasonable. *See, e.g., Saucier v. Kijakazi*, Civ. A. No. 20-2373, 2022 WL 2132281, at *2 (E.D. La. June 14, 2022) (35 hours of charged time is reasonable); *Wigginton*, 2021 WL 3852293, at *3 (finding 33 hours of time expended is reasonable); *Rodriguez v. Commissioner of Social Security Admin.*, Civ. A. No. 18-6674, at *2 (E.D. La. July 30, 2019) (39.8 hours spent preparing case is reasonable). Therefore, upon review of the itemized statement of time included in the motion and considering the absence of opposition by the Commissioner, the Court finds that 31.2 hours of charged time is reasonable.

For the foregoing reasons, the Court finds that Plaintiff is the prevailing party and entitled to attorney's fees. The Court further finds that the hourly rate of $200.00 and the 31.2 hours of time expended, are reasonable. The Court therefore finds that an award of $6,240.00, made payable to Michelle Green, is appropriate.

### III.   CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that **Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Rec. Doc. No. 23)** be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff Michelle Green be awarded attorney's fees in the amount of $6,240.00 representing 31.2 hours of time at a rate of $200.00 per hour.

**IT IS FURTHER RECOMMENDED** that the amount be made payable directly to Plaintiff, rather than her attorney.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 5th day of August, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**